**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UGURCAN KURT**, | |
| *Petitioner*, | |
|  | Civil Action No. 26-cv-03676 |
| v. | |
| **LUIS SOTO**, *et al.*, | **ORDER** |
| *Respondents*. | |

**THIS MATTER** comes before the Court by way of Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondents filed an Answer and Brief in Response to the Petition, (ECF No. 8), and Petitioner replied, (ECF No. 11). The Court has considered the parties' submissions and the record.

**WHEREAS**, Petitioner is a native and citizen of Turkey who alleges that he was arrested on March 10, 2026, and has been detained by Respondents pursuant to 8 U.S.C. § 1226(a). (Pet., ECF No. 1 at ¶¶ 2, 16–18). Though Petitioner was afforded a bond hearing as required by the statute and its implementing regulations, an Immigration Judge ("IJ") denied bond after a hearing on March 17, 2026. (*Id.* at ¶¶ 1, 19–23). Petitioner alleges that his due process rights were violated because he bore the burden of proof at his bond hearing. (*Id.* at ¶¶ 1, 28–40); and

**WHEREAS**, Respondents argue that binding Third Circuit precedent forecloses Petitioner's claim that due process categorically requires the Government to bear the burden of proof at a bond hearing conducted under § 1226(a), (Gov't Resp., ECF No. 8); and

**WHEREAS**, the Court agrees with Respondents that *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018), forecloses any claim that, as a general matter, the

Government must always bear the burden of proof in § 1226(a) bond proceedings as a matter of due process. In *Borbot*, the Third Circuit recognized that, in bond proceedings under § 1226(a), "the burden remains on the detainee at all times" and it "perceive[d] no problem" with that allocation. *Id.* at 279. Accordingly, to the extent Petitioner seeks habeas relief based solely on the IJ's application of the ordinary burden allocation applicable to § 1226(a) bond hearings, that claim must be denied; and

**WHEREAS**, Petitioner relies on out-of-circuit cases where courts have held that due process requires the Government to bear the burden in § 1226(a) cases, (Pet., ECF No. 1 at ¶¶ 32–33 (collecting cases)), this Court is bound by Third Circuit precedent, though it shares Petitioner's concern that a statutory scheme that places the burden of proof on the detainee may no longer afford sufficient procedural protections for fundamental liberty interests, particularly in light of the Executive Branch's current practice of expansive mandatory detention and press reports that IJs are being pressured to deny bond. *See Zheng v. Rokosky,* ___ F. Supp. 3d ___, 2026 WL 800203, at *7 (D.N.J. Mar. 23, 2026). But any change in this regard must come from the Third Circuit and not this Court; and

**WHEREAS**, this Court's decision in *Zheng* does not compel a different result. *Zheng* did not hold that due process always requires the Government to bear the burden in § 1226(a) bond hearings. Rather, *Zheng* addressed materially different circumstances and was thus distinguishable from *Borbot*. In *Zheng*, the petitioner had initially been unlawfully detained under § 1225(b) without access to a bond hearing. He then received a court-ordered bond hearing that the Court found was not fundamentally fair. At that point, he had been detained for approximately five months. Based on those unique factual and legal circumstances, the Court concluded that due process required the burden to shift to the Government in any subsequent bond proceeding. *Zheng*,

2

2026 WL 800203, at *7–10; but

**WHEREAS**, those circumstances are not present here. The Petition challenged only the burden allocation; it did not plead a prolonged-detention claim[1] or an independent fundamental-fairness claim[2] apart from the ordinary burden allocation applied in § 1226(a) proceedings. Although Petitioner's reply brief now attempts to characterize the hearing as otherwise fundamentally unfair, relying on *Zheng*, he may not raise new claims for relief in a reply that were

---

[1] Petitioner notes that the Third Circuit in *Borbot* left open whether detention under § 1226(a) "might become unreasonably prolonged, whether by virtue of government delay or some other cause," such that due process could require a new bond hearing. (Reply, ECF No. 11 at 1–2); 906 F.3d at 280. Some courts in this District have read *Borbot* to reserve prolonged detention relief only for "extreme cases[s]" because the petitioner in *Borbot* was detained for more than two years at the time of the Third Circuit's decision. *Onuwa v. Field Off. Dir.*, No. 26-2403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026). But this Court does not read *Borbot* to impose a years-long detention threshold, particularly in light of *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), which held that due process eventually requires a bond hearing for noncitizens mandatorily detained under § 1226(c) at which the Government bears the burden by clear and convincing evidence. The Third Circuit further emphasized that reasonableness of detention is a fact-specific inquiry and that detention "becomes more and more suspect after five months." *Id.* at 210–11 (cleaned up). As a heightened burden will often be dispositive as to bond, requiring longer detention for § 1226(a) detainees would create the illogical result that criminal detainees subject to mandatory detention receive greater due process protection from prolonged detention. Accordingly, though it does not decide this question today, it appears to the Court that *German Santos* supplies the constitutional framework for as-applied prolonged-detention challenges under § 1226(a). *See Zheng*, 2026 WL 800203, at *9 (citing *A.J.R. v. Rokosky*, No. 25-17279, 2026 WL 592136 (D.N.J. Mar. 3, 2026)).

[2] Though it does not reach this claim, it appears that Petitioner's asserted fundamental-fairness arguments largely ask the Court to reweigh the evidence presented to the IJ, including the dismissed 2022 criminal charges, traffic violations, family and community ties, proposed sponsorship, and employment history. (*See* Reply, ECF No. 11). The Court notes that it lacks jurisdiction to review the IJ's discretionary weighing of that evidence or discretionary denial of bond. *See* 8 U.S.C. § 1226(e); *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022). *Zheng* is again distinguishable because in that case the IJ stated that they lacked jurisdiction to conduct a bond hearing in defiance of this Court's Order and issued a decision without any reference to the facts or arguments presented. Here, the record shows that the IJ heard argument, referenced the parties' record evidence, and denied bond after finding that Petitioner had not carried his burden to establish that he was not a danger to the community or a flight risk. (Gov't Ex. E, ECF No. 8-5 at 10–11).

not pled in the Petition. *See, e.g.*, *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) ("This doctrine extends to the habeas context as basic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims." (cleaned up)); and

**WHEREAS**, the Court therefore concludes that, on the only claim properly before this Court, Petitioner has not met his burden to show that he is in custody in violation of the Constitution or laws of the United States.

**IT IS HEREBY** on this 26th day of May, 2026,

**ORDERED** that the Petition, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner may file an Amended Petition within fourteen (14) days of this Order to assert any additional claims of unlawful detention. If he does so, Respondents shall have fourteen (14) days to file any opposition, and Petitioner shall have seven (7) days to reply; and it is finally

**ORDERED** that, because Petitioner may file an amended petition and to ensure continued access to counsel, Petitioner **shall not be transferred from the State of New Jersey until further order of this Court**.

**CHRISTINE P. O'HEARN**
**United States District Judge**

4